**PHILADELPHIA–DETROIT LINES, Inc., v. UNITED STATES et al.**

**No. 111–J.**

District Court, S. D. Florida, Jacksonville Division.

Nov. 17, 1939.

Leo P. Kitchen and Dan R. Schwartz, both of Jacksonville, Fla., for the plaintiff.

Elmer B. Collins, Sp. Asst. to Atty. Gen., for the United States.

Nelson Thomas, of Washington, D. C., for Interstate Commerce Commission.

Before HUTCHESON, Circuit Judge, and STRUM and LONG, District Judges.

STRUM, District Judge.

In the above-entitled cause the Court makes the following findings of fact:

1. Philadelphia-Detroit Lines, Inc., is a corporation carrying on the business of a common carrier with a principal place of business at Jacksonville, Fla.

2. The plaintiff's predecessor, C. D. Gill, doing business as "Phila.-Detroit Lines, Inc." of Butler, Pa., on or about February 12, 1936, filed with the defendant Interstate Commerce Commission an application for a certificate of convenience and necessity under the "grandfather" clause of Section 206(a) of the Motor Carrier Act, 1935, 49 U.S.C.A. § 306(a), for operation as a common carrier of new automobiles, new trucks and parts, by truck, from Detroit, Mich., to points in Florida and to the cities of Charleston, S. C., and Augusta, Savannah and Brunswick, Ga. That said application was on form BMC 1, which the Commission had prescribed for applications for certificates of convenience and necessity sought pursuant to the "grandfather" proviso of Section 206(a) of the Motor Carrier Act, under which application the Commission receives only evidence bearing upon the question whether the applicant was on June 1, 1935, in bona fide operation as a common carrier by motor vehicle over the route or routes or within the territory for which application is made and has so operated since that time. Application for substitution of Philadelphia-Detroit Lines, Inc., a corporation, as applicant, in lieu of C. D. Gill, was granted by the Commission on September 15, 1936.

3. The divers protests and objections to the issuance of the certificate sought were filed with the Commission by actual or prospective competitors of said applicant. That said application was designated by the Commission as proceeding No. MC 22268, Philadelphia-Detroit Lines, Inc., Common Carrier Application, and was by order of Division 5 of the Commission on January 13, 1937, set down for hearing before a Commission examiner; hearing was held by the examiner on or about February 12, 1937, and evidence taken. At said hearing the plaintiff called witnesses and introduced evidence in support of its application. Various competing motor carriers, protestants in said proceeding, also appeared, introduced evidence and opposed the granting of said application. At said hearing the applicant offered no evidence bearing upon the conditions prescribed in Section 207 of the Motor Carrier Act, 49 U.S.C.A. § 307.

4. In due time the examiner prepared and presented a proposed report, to which the plaintiff and divers protestants filed exceptions. Oral argument upon said proposed report, exceptions and plaintiff's application was heard by the Commission and written briefs were received. Whereupon, the Commission, on June 10, 1939, by and through its Division 5, made its order, effective July 20, 1939, to which was attached the Commission's report, said report being reported at 16 M.C.C. 483. In and by said report and order the Commission denied the plaintiff's application for a certificate covering transportation between the points above named. By subsequent orders the Commission has extended said effective date until November 1, 1939. By the complaint filed herein plaintiff does not question the validity and propriety of the Commission's denial of said certificate, and has by its counsel in open court conceded that said denial was justified by the law and the evidence before the Commission.

5. Whereupon, the plaintiff, on or about July 10, 1939, filed a petition praying that the Commission reconsider plaintiff's exceptions to the examiner's report and recommended order, a petition for a rehearing and leave to file an amended application, a petition to set the "grandfather" application for hearing for factual proof of public convenience and necessity, and petition to stay the effective date of the Commission's order of June 10, 1939, denying plaintiff's application for a "grandfather" certificate.

6. The first three of the above-named petitions were, on October 2, 1939, denied

by the Commission, and, pursuant to the last-named petition the Commission has postponed the effective date of said order of June 10, 1939, to November 1, 1939.

7. That the Commission has prescribed the form of application to be used by an applicant for a certificate of convenience and necessity who desires to offer actual proof that the applicant is fit, willing and able properly to perform the service proposed and to conform to the provisions of the Motor Carrier Act and the requirements, rules and regulations of the Commission thereunder and that the proposed service to the extent to be authorized by the Commission is or will be required by the present or future public convenience and necessity. That said form is designated by the Commission as BMC 8. That at the time the Commission denied plaintiff's petition that it set the "grandfather" application for hearing on public convenience and necessity and to permit plaintiff to introduce evidence to proof that it was fit, willing and able to perform the duties of a common carrier and that the service offered was or will be required by the future public convenience and necessity, plaintiff had not filed any application for a certificate upon BMC 8.

And the Court holds the following as conclusions of law:

1. The Commission's report and order of June 10, 1939, and the denial of the plaintiff's application for a "grandfather" certificate permitting the operation above described were justified and constitute a valid exercise of the Commission's powers under the Motor Carrier Act.

2. The findings set forth in the Commission's report, considered as a whole, are sufficient to sustain and justify the order made by the Commission and, since the evidence heard by the Commission is not before this Court, the Court must presume for the purposes of this suit that there was in the Commission record substantial evidence to support its report and order.

3. The action by the Commission upon plaintiff's petitions, referred to in paragraphs 5 and 6 of this Court's findings of fact hereinabove, was a valid exercise by the Commission of its discretionary powers, of which no abuse appears.

4. The relief which the plaintiff prays should be denied and its suit dismissed for want of equity.