**LOS ANGELES–SEATTLE MOTOR EXPRESS, Inc., v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener).**

**Civ. No. 318.**

District Court, W. D. Washington, N. D.

June 10, 1941.

Henry T. Ivers and Lenihan & Ivers, all of Seattle, Wash., for plaintiff.

Frank Coleman, Sp. Asst. to Atty. Gen., Nelson Thomas, Atty. for Interstate Commerce Commission, of Washington, D. C., Thurman Arnold, Asst. Atty. Gen., J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, of Washington, D. C., for defendant and intervening defendant.

Before HANEY, Circuit Judge, and BOWEN and BLACK, District Judges.

BLACK, District Judge.

The only question raised by the plaintiff in this case is whether or not the Interstate Commerce Commission should have postponed the effective date of its order of partial denial of plaintiff's "grandfather" application as a common carrier by motor vehicle between Seattle, Washington, and Los Angeles, California, and intermediate points until such time as the Commission should pass upon plaintiff's BMC 8 application seeking a certificate under Section 207 of the Motor Carrier Act, 49 U.S.C.A. § 307, on the basis of convenience and necessity.

This action was presented before us at the same time as the cause of Lubetich v. United States and Interstate Commerce Commission, 39 F.Supp. 780, was presented. The decision of the Commission as to this case is combined in the Commission's report with its decision as to the Lubetich case. See 24 M.C.C. 141.

In deciding the Lubetich case we held that the "two applications constitute two separate proceedings, one of which has been finally disposed of—the other is awaiting future decision." In that cause we held that a BMC 8 proceeding instituted long after the application under the "grandfather" clause could not be "welded to and made a part of the 'grandfather' proceeding so as to prevent final action upon the 'grandfather' proceeding until the BMC 8 proceeding is ultimately disposed of."

The plaintiff in this case concedes the correctness of the order of the Interstate Commerce Commission upon its "grandfather" application. The Commission certainly, therefore, is entitled to determine when its order should be effective. United States v. Baltimore & O. R. Co., 284 U.S. 195, 52 S.Ct. 109, 76 L.Ed. 243. See also Philadelphia-Detroit Lines, Inc. v. United States, D. C., 31 F.Supp. 188, affirmed per curiam, 308 U.S. 528, 60 S.Ct. 384, 84 L.Ed. 446.

Plaintiff's action is dismissed.