**FISHER v. RAILROAD COMMISSION et al.**

**No. 8942.**

Court of Civil Appeals of Texas. Austin.

March 13, 1940.

Rehearing Denied April 10, 1940.

A. M. Felts, of Austin, for appellant.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis and Geo. W. Barcus, Asst. Attys. Gen., for appellees.

McCLENDON, Chief Justice.

Fisher brought suit against the Railroad Commission, its members, and other state officials and employees, to enjoin interference with his operation of a fleet of ten trucks over the highways of Texas, "in the transportation of merchandise for hire exclusively in interstate commerce by motor vehicle." The defendants admitted the issuance to Fisher by the Commission of a common carrier certificate, authorizing the use of certain state highways (noted below); but alleged that Fisher was exceeding his schedule allowance under his certificate and was also operating over other highways than those therein authorized. Defendants thereupon sought to enjoin Fisher from operating in the named respects in excess of his certificate authorization. In

a trial to the court without a jury, Fisher was denied the injunctive relief he sought, and was perpetually enjoined from operating over Highways 2 and 6 south of Dallas; subject, however, to his right to apply to the Commission for a certificate authorizing operation over said portions of said highways.

The facts are without dispute. The only authority which Fisher had from the Commission to operate over Texas highways was under certificate No. 2787, originally issued March 20, 1936. The highways over which he was authorized to operate were thus designated in the certificate: "State Highway No. 3 from San Antonio to Van Horn, and from Van Horn West to the Texas-New Mexico State Line; and from San Antonio North over any highway or route lying entirely West of State Highways No. 2 and 6 and all portions thereof, and over either State Highways Nos. 6, 40 and 10 lying North of Fort Worth and Dallas to the State Line."

Fisher urges two contentions in this court:

■ 1. Under the "grandfather" clause of the Federal Motor Carrier Act 1935, 49 U.S.C. § 306, 49 U.S.C.A. § 306, he was not required to obtain a certificate or other authorization from the Texas Commission in order to operate over the Texas highways in exclusively interstate commerce. This question has been determined adversely to appellant's contention in McDonald v. Thompson, 305 U.S. 263, 59 S.Ct. 176, 83 L.Ed. 164; Winton v. Thompson, Tex.Civ.App., 123 S.W.2d 951, error refused; Railroad Com. v. Tips, Tex.Civ. App., 130 S.W.2d 1078.

■ 2. Under the above wording of his certificate, either (1) he is expressly authorized to operate over State Highways 2 and 6 south of Dallas, or (2) such wording is at least ambiguous in that regard and he is entitled to the benefit of any doubtful meaning in the language employed by the Commission. This contention is manifestly without merit. There is no ambiguity whatever in the language employed; which clearly excludes operation on Highways 2 and 6 south of Dallas.

The trial court's judgment is affirmed.

Affirmed.