**LOVING et al. v. UNITED STATES et al.**
No. 245.

District Court, W. D. Oklahoma.
Jan. 24, 1940.

Judgment Affirmed April 29, 1940.

See 60 S.Ct. 898, 84 L.Ed. ——.

Robert H. Ledbetter, of Oklahoma City, Okl. (E. P. Ledbetter, of Oklahoma City, Okl., of counsel), for petitioner.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., Albert E. Collins, Sp. Asst. to Atty. Gen., Nelson Thomas, Atty., Interstate Commerce Commission, of Washington, D. C., Thurman Arnold, Asst. Atty. Gen., and Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, of Washington, D. C., for defendants.

Before WILLIAMS, Circuit Judge, and FRANKLIN E. KENNAMER and MUR-, RAH, District Judges.

FRANKLIN E. KENNAMER, District Judge.

This suit was instituted to suspend an order of the defendant, Interstate Commerce Commission, and to restrain the defendants, United States of America and the Interstate Commerce Commission, from prosecuting plaintiffs for carrying on operations as a common carrier by motor vehicle not authorized by the Interstate Commerce Commission, and for which plaintiffs have no certificate.

On February 11, 1936, the plaintiffs filed an application with the Interstate Commerce Commission, by which they sought a certificate of public convenience and necessity under Section 206 of the Motor Carrier Act, 49 U.S.C.A. § 306, authorizing operations by them as a common carrier by motor vehicle, of general commodities, except explosives, which was modified at the hearing to include operations in Oklahoma, Kansas, Texas, Colorado and New Mexico. A hearing was held before a Commission examiner on January 26th and 27th, 1938, at which plaintiffs and certain protestants appeared. Testimony and documentary exhibits were received in evidence, and a report and order were prepared by the examiner and submitted to which all parties filed exceptions. On April 28, 1939 the Commission made its report and order, copies of which are attached to plaintiffs' complaint and are the subject of complaint herein. Plaintiffs presented an application for reconsideration by the Interstate Commerce Commission, which was denied, and the order entered therein became final.

The Commission found that plaintiffs were, on June 1, 1935, and continuously since that time have been, engaged in bona fide operation as a common carrier by motor vehicle, in interstate or foreign commerce, over irregular routes, of fruits and vegetables, batteries and battery parts, fibre board boxes, oil in packages, and canned goods, between points in Colorado, and east on United States Highway 87, and entered an order granting a certificate of public convenience and necessity, and authorizing the continuance of such operations by plaintiffs, upon their complying with the Interstate Commerce Act, 49 U.S. C.A. § 1 et seq., and rules and regulations of the Commission.

The complaint made by plaintiffs is, that as a fact, on and prior to June 1, 1935, hereinafter referred to as the "Grandfather" date, they offered to transport for the public generally, any of that definite, but general, class of commodities which are practical for movement in an ordinary truck or closed van, and that they offered to transport commodities of the general character referred to, between any points and over irregular routes, within Oklahoma, Texas, Kansas, Colorado and New Mexico. The plaintiffs not only charge that they had offered to transport commodities of the character referred to, between the points in the five States, prior to the "grandfather" date, but they had also actually transported such commodities within the States, and the Interstate Commerce Commission acted arbitrarily and unlawfully in entering the order in conflict with the evidence presented to it.

Plaintiffs contend that the Interstate Commerce Commission has improperly construed the Act, and that the provision thereof authorizing any carrier who was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the route or routes, or within the territory for which application is made, and has so operated since that time, shall be entitled to have a certificate issued by the Commission, without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings, if application is made within the time provided in the Act. It is contended by plaintiffs that a carrier in bona fide operation as a common carrier by motor vehicle means that a permit shall be granted to any carrier who has therefore assumed the obligations of a common carrier, and that a carrier who has held himself out as a common carrier is entitled

to a certificate under the "grandfather" provision authorizing his continued operations as a common carrier of all commodities, and over all routes, and within all territories which he assumed to serve, and which, according to plaintiffs' contention, he can be compelled to serve, and in addition thereto that evidence was presented to the Commission, which, it is contended, showed that the plaintiffs were engaged in actual operations prior to the "grandfather" date, more extensively than was included in the certificate authorized by the order of the Interstate Commerce Commission.

The United States of America and the Interstate Commerce Commission answered, denying the illegality of the Commission's action, and that plaintiffs will sustain any legal damage therefrom, and contend, in defense of the suit, that the established administrative practice of the Commission was followed in the instant case; that certificates of convenience and necessity under the "Grandfather Clause" of the Motor Carrier Act was based upon operations actually performed on and prior to June 1, 1935, and cannot be granted upon proof that the applicants merely held themselves out, or were willing to perform such operations; that this court cannot authorize plaintiffs to carry on a motor carrier operation where a certificate therefor has been denied by the Commission, and that this court cannot review the evidence presented to the Interstate Commerce Commission, as the hearing of evidence is an exclusive function of the Commission.

Many of the questions raised herein have been settled by recent decisions of the United States Supreme Court. At the outset, it should be noted that in considering the expression contained in the Act, "in bona fide operation", the United States Supreme Court stated that such an expression "suggests absence of evasion, excludes the idea that mere ability to serve as a common carrier is enough, includes actual rather than potential or simulated service, * * *". McDonald v. Thompson, 305 U.S. 263, 59 S.Ct. 176, 178, 83 L. Ed. 164. We must, therefore, reject the contention of plaintiffs that the mere ability to serve, as well as the holding out to the public to carry for hire, is sufficient to satisfy the requirement of the Statute that a carrier must be in bona fide operation on and prior to June 1, 1935. We believe that bona fide operation includes actual operations conducted and carried on by a carrier prior to June 1, 1935, and subsequent thereto, and is not to be limited to actual physical operations conducted on the 1st day of June, 1935. A mere offer to perform the service, without any actual performance thereof, on and prior to the "grandfather" date, is not sufficient to authorize the issuance of a certificate of convenience and necessity by the Commission. An occasional service, infrequently performed prior to June 1, 1935, unless such service is seasonal, is insufficient, as there must be a bona fide operation to warrant the issuance of a certificate by the Commission without proof as to the necessity and convenience to be served by the granting of such authority. The Interstate Commerce Commission has established an administrative practice of granting certificates of convenience and necessity under the "grandfather clause", only for such operations as were shown by the evidence to have been actually performed (see, in re S. Bornstein Contract Carrier Application, 2 MCC 95; Cater's Motor Freight System, Inc., Common Carrier Application, 2 MCC 223; Crescent Transportation Company, Common Carrier Application, 2 MCC 313); and has held that the "grandfather Clause" limits a certificate to the actual commodities transported on or prior to June 1, 1935. See Donat Gaudetter Contract Carrier Application 2 MCC 241; Great Lakes Cartage Co., Contract Carrier Application 2 MCC 119; Frank Jess Patterson, Common Carrier Application, 3 MCC 138; Myers Trucking Company Contract Carrier Application, 3 MCC 273. It is doubtful that the administrative practice of the Interstate Commerce Commission has been in effect sufficiently long to be conclusive of the question involved. However, the interpretation of the Congressional Act by the Commission is entitled to weight in our construction, but aside from such consideration, we believe that there has not been a misconstruction of the Act insofar as plaintiffs herein are concerned. We do not agree with the contention of the Interstate Commerce Commission that this court cannot authorize plaintiffs to carry on a motor carrier operation, since the certificate for which has been denied by the Commission. The United States Supreme Court has recently held that there is no jurisdictional barrier to the court setting aside and an-

nulling the order of the Interstate Commerce Commission where it is claimed that the Commission's action was based on a wrong reading of the authority which the Act of Congress gave it. See Rochester Telephone Corp. v. United States, 307 U. S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; United States of America v. Maher, 307 U.S. 148, 59 S.Ct. 768, 83 L.Ed. 1162. The United States Supreme Court, in the cited cases, held that the range of issues open to review in the courts is narrow, limiting the same to questions affecting constitutional power, statutory authority, and the basic prerequisites of proof can be raised; and further held that so long as there is warrant in the record for the judgment of the expert body, whether it be the Communications Commission or the Interstate Commerce Commission, it must stand. It is further held that the determination of controverted matters of fact arising in whether a carrier was in bona fide operation within the immunizing period of the Statute, was entrusted to the Interstate Commerce Commission. See United States of America v. Maher, supra. This court is therefore powerless to hear the evidence or to review the proof submitted to the Commission in the instant case.

■ Plaintiffs charge that the Commission acted arbitrarily and unlawfully, and in conflict with the evidence before it. The evidence presented fails to sustain the contention of the plaintiffs. We believe, however, that this court is empowered to grant relief in a case where the Commission has acted arbitrarily and capriciously, and where it is established that an order has been entered by the Commission arbitrarily and capriciously that this Court is empowered to set the same aside.

■ The hearing of evidence is an exclusive function of the Commission and it may disbelieve or disregard any evidence as it seems unconvincing; it may give as much or as little weight to evidence as it seems proper. See Swayne & Hoyt, Ltd. v. United States, 300 U.S. 297, 57 S.Ct. 478, 81 L.Ed. 659; Mississippi Valley Barge Co. v. United States, 292 U.S. 282, 54 S. Ct. 692, 78 L.Ed. 1260; Western Paper Makers' Chemical Co. v. United States, 271 U.S. 268, 269, 46 S.Ct. 500, 70 L.Ed. 941; Manufacturers' Ry. Co. v. United States, 246 U.S. 457, 38 S.Ct. 383, 62 L.Ed. 831; Pennsylvania Co. v. United States, 236 U. S. 351, 35 S.Ct. 370, 59 L.Ed. 616. But, it must not act arbitrarily or capriciously in the considering of evidence presented to it.

■ We cannot agree with plaintiffs that for the purpose of construing the Act involved, the actual status of a common carrier arises in accordance with his public offer and begins immediately when such a carrier accepts any shipment within the scope of his public offer. The cases relied upon, to the effect that if a carrier hold himself out to the public to carry for hire he is a common carrier, and must fulfill his obligations to the public as such, are not controlling in construing the instant Congressional Act. It is further insisted by plaintiffs that to limit the present "grandfather" rights of a common carrier to the specific commodities each has carried on and prior to June 1, 1935, and to operations only between the specific localities each has continuously served, where in such instance the undertaking has been more general, would interfere with the public's right to continue to be served by common carrier until new and further proof of public convenience and necessity is shown. The purpose of the Act is regulatory, and we believe that the "grandfather clause" was included therein for the benefit of carriers who had been in bona fide operation on and prior to the "grandfather" date, rather than for the serving of public convenience. Adequate provision was contained in the Act for the granting of certificates upon proper showing that there is public necessity for such service, or that a public convenience will be served. We, therefore, cannot accept such reasoning of plaintiffs for a strained construction of the Act. Too, we can imagine possible defeat of the purpose intended to be achieved by enactment of the particular Congressional Act, by the granting, under the "grandfather clause", of numerous permits where there have been mere offers to perform service without in fact actual performance thereof. We, therefore, conclude that there has not been an improper construction of the Congressional Act in the instant case; that there is no evidence of arbitrary action by the Commission and as we are powerless to review the evidence presented to the Commission, the bill of complaint must be dismissed.

**WILLIAMS, Circuit Judge.**

I concur in the conclusion reached, that the complaint should be dismissed.

**MURRAH, District Judge.**

I concur in the above and foregoing opinion in its entirety.