Refusal, on conflicting evidence, to grant interlocutory injunction against interference by the Georgia Public-Service Commission with the plaintiff's operation of motor vehicles, as a motor common carrier, over a designated highway in this State, was not an abuse of discretion. ATKINSON, P. J., dissents.
 No. 13883. JANUARY 16, 1942. REHEARING DENIED FEBRUARY 12, 1942.
On application of J. L. Dean, a resident of Pinkard, Alabama, the Interstate Commerce Commission issued a certificate of public convenience and necessity under the Federal motor-carrier act of 1935. That act provides that if any carrier was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the route for which application is made, and has so operated since that time, the commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation. Also: "Pending the determination of any application the continuance of such operation shall be lawful." Title 49 U.S.C.A. Sup. § 306. Dean notified the Georgia Public-Service Commission of the grant of such certificate, and received a license plate to operate motor vehicles over the highways in the State of Georgia. Subsequently, on protest of named motor transportation companies, the Interstate Commerce Commission granted a rehearing as authorized under 49 U.S.C.A., § 16(a); 49 U.S.C.A. Supp. § 305(e). By order of the Interstate Commerce Commission the order granting a certificate of public convenience and necessity was vacated, and the case was referred to a joint board composed of members of the Alabama, Florida, and Georgia Public-Service Commissions. After hearing evidence the joint board found that Dean had not established that on June 1, 1935, he was and continuously since has been in bona fide operation as a common *Page 402 
carrier by motor vehicle of general commodities, in interstate commerce, between points in Alabama, Georgia, and Florida, over regular or irregular routes, and issued a recommended order that his application be denied. Within the time required by law Dean filed exceptions to the recommended order, and it is stated in the stipulation of facts that the Interstate Commerce Commission has not made any final disposition of the application filed by Dean under the motor-carrier act and the same is now pending before the interstate Commerce Commission. While the application was pending, the Georgia Public-Service Commission passed an order stating in substance: It appearing since the issuance of said permit license an order was issued by the Interstate Commerce Commission vacating the certificate of public convenience and necessity, it is therefore ordered, "that the said application for registration as an interstate motor carrier for hire, filed by the said J. L. Dean," be denied. At the direction of the Georgia Public-Service Commission, one of its inspectors stopped Dean's truck at Columbus, Georgia, while it was engaged in interstate commerce, en route from Dothan, Alabama, to Atlanta, Georgia, solely with interstate freight, relieved the driver of the Georgia public-service license plate, and prohibited Dean's truck from operating in interstate commerce in the State of Georgia. Dean instituted an action seeking to enjoin the Georgia Public-Service Commission from interfering with the operation of his trucks in interstate commerce over the highways of Georgia, and from enforcing any rule or regulation which attempts to determine the interstate operating rights of Dean in the State of Georgia; and also to set aside as void the order prohibiting the operations of Dean in interstate commerce within the State of Georgia. It was further alleged, that the State Commission has only the power to regulate interstate commerce with reference to police power; that the action of the Georgia Public-Service Commission deprives Dean of his property without due process of law, in violation of paragraph 3 of section 1 of article 1 of the constitution of Georgia (Code, § 2-103), and also the fourteenth amendment to the constitution of the United States (Code, § 1-815); that the action of the defendants is in violation of the commerce clause of the Federal constitution, article 1, section 8, paragraph 3 (Code, § 1-125(3)), in that it is an attempt by a State commission to regulate interstate commerce; that unless the order *Page 403 
depriving Dean of the right to operate in interstate commerce in Georgia is revoked, he will be irreparably damaged; that Dean has complied with all the regulations of the Georgia Public-Service Commission since August 5, 1939, and holds himself ready to register as an interstate carrier, to purchase all license tags required, and to abide by all the safety rules and regulations of that commission. The prayers were as stated above. Answers were filed by the Georgia Public-Service Commission and by Georgia Highway Express, Great Southern Trucking Company, and A. A. A. Highway Express.
A stipulation of counsel was made a part of the record, which included evidence introduced before the Interstate Commerce Commission and various orders issued in connection therewith. The evidence did not show that Dean had violated any regulation issued with a view of making the Georgia highways safe, but did tend to show that he had not paid certain mileage tax required of interstate carriers, and had not complied with other registration and revenue measures. He excepted to an order refusing to enjoin the Georgia Public-Service Commission.
The exception being to a refusal by the judge to enjoin the Georgia Public-Service Commission from interfering with the petitioner's operation as a motor common carrier over a designated highway in the State of Georgia, he having made to the Interstate-Commerce Commission the application contemplated by 49 U.S.C.A. Supp. § 306(a), and the evidence being in conflict as to whether on June 1, 1935, the petitioner was a bona fide operator as a common carrier by motor vehicle over this route, the refusal by the judge to grant a temporary injunction was not an abuse of discretion.
The foregoing represents the views of the majority of the court. The minority view is as follows: (a) When the Interstate-Commerce Commission set aside the certificate of public convenience and necessity and referred the case to a joint board that had power to recommend, such action left the application pending and made continuance of operation upon the part of Dean lawful until final action by the Interstate Commerce Commission (b) The effect of *Page 404 
such an order of the Georgia Public-Service Commission, as is shown by the statement of facts to have been issued in the instant case, is not regulation with a view to safety of the highway. It determines, not the manner of use, but the persons by whom the highway may be used, prohibiting such use to some persons while permitting it to others for the same purpose and in the same manner. It follows that the order of the Georgia Public-Service Commission vacating its former order is a regulation, not of the use of the Georgia highways, but of interstate commerce. Buck v. Kuykendall, 267 U.S. 307
(45 Sup. Ct. 324, 69 L. ed. 623). A different ruling is not required by the decisions in McDonald v. Thompson, 305 U.S. 263
(59 Sup. Ct. 176, 83 L. ed. 164), Eichholz v. Public-Service Commission,306 U.S. 268 (59 Sup. Ct. 532, 83 L. ed. 641), and similar cases where the regulation was with a view to safety of the highways, and where State Public Commissions were held to have police power.
Judgment affirmed. All the Justices concur, except Atkinson,P. J., dissenting.