STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION, v. FREDRICKSON MOTOR EXPRESS, MRS. MABEL D. BURTON D/B/A HELMS MOTOR EXPRESS, AND MILLER MOTOR EXPRESS.

(Filed 24 May, 1950.)

**Carriers § 5—**

> The fact that an applicant under G.S. 62-121.11, which had been conducting trucking operations extending over a radius of 150 miles, held a previously issued franchise certificate authorizing transportation within a radius of seven miles only, does not preclude a finding that its operations were *bona fide* within the meaning of the act, there having been no effort made by the State to exclude or curtail its operations and there being no evasion, deceit, or defiance of authority.

APPEAL by defendants from *Phillips, J.,* October Term, 1949, of GUILFORD. Affirmed.

This was a proceeding before the North Carolina Utilities Commission in the matter of the application of Wilder Transfer Company for certificate under the North Carolina Truck Act of 1947 (Ch. 1008, sec. 7, now G.S. 62-121.11), to which the above named defendants filed protest.

.Certificate as applied for was issued under section 7 of the Act, and defendants' exceptions to the order, after re-hearing, were denied. Defendants appealed to the Superior Court, where the ruling of the Utilities Commission was affirmed. Defendants excepted and appealed to this Court.

*Attorney-General McMullan and Assistant Attorney-General Paylor for State of North Carolina ex rel. North Carolina Utilities Commission, appellee.*

*York & Boyd for J. W. Wilder Transfer Co., appellee.*

*Bailey & Holding for Fredrickson Motor Express, Mrs. Mabel D. Burton, d/b/a Helms Motor Express and Miller Motor Express, appellants.*

DEVIN, J.  The proceeding before the Utilities Commission, which is the subject of this appeal, was similar in form and similar in result to that considered in the previous case under the same title, *ante,* 174, but a different question is here presented. The appellants in the instant case assign error in the judgment in that it affirms the finding of the Utilities Commission that the applicant, the Wilder Transfer Company, "was in *bona fide* operation as a common carrier of property by motor vehicle in intrastate commerce during the year 1946 and was so operating on January 1, 1947." Appellants take the position that since the applicant held a previously issued franchise certificate authorizing only transportation within a radius of 7 miles of Greensboro, and nevertheless conducted trucking operations extending over 150 miles from that center, it could not properly be found that the previous operations of applicant were *bona fide* within the meaning of the Act. It is urged that by the statute then in force (G.S. 62-104) operations other than as authorized by the former certificate were unlawful and hence could not be *bona fide*.

In view of the declaration of policy expressed in the Truck Act of 1947 "to preserve and continue all motor carrier transportation services now afforded this state" it is manifest that the purpose of the Act was to bring all truck operators serving the public as common carriers, whether non-franchise operators or those holding limited franchises, within the provisions of the so-called "grandfather clause" in the manner and to the extent set out in the Act, entitling them to new certificate if proper application was made before October 1, 1947.

On the record in this case and the evidence heard by the Utilities Commission, we do not think the fact that applicant in this case conducted operations in 1946 beyond the distance limited in his former certificate should be held determinative of the question whether applicant was in *bona fide* operation as a common carrier during the critical period. Applicant filed with its application detailed statement of trucking operations during the months of 1946, together with showing of routes and facilities employed. If applicant had operated without franchise certificate it was entitled to come in under the Act, and if its operations were different from those authorized in its certificate it could still come in under the Act upon proper showing. G.S. 62-121.10. It could rely on actual operations as a common carrier as a basis for a certificate in order to preserve the position which it had obtained in transportation service unless it be held that the operations described indicated operations not *bona fide*.

Reference was made in *State ex rel. Utilities Commission v. Motor Express, ante,* 174, to the meaning of the phrase "in *bona fide* operation." In *McDonald v. Thompson,* 305 U.S. 263, where the applicant in that case had continued to operate motor trucks over the highways of Texas in defiance of the denial of his application for authority so to do, the Court said the expression "in *bona fide* operation" meant something more than mere ability to serve as a common carrier, and that it did not "extend to one operating as a common carrier on public highways of a state in defiance of its laws." But this is not the case here. Applicant operated under its former certificate, and also as a common carrier by truck in other territory. The Utilities Commission found from the evidence presented that applicant was in *bona fide* operation during and at the times made determinative. It was to preserve and continue motor carrier transportation services that the Act of 1947 was passed. In our case there was no evasion, deceit or defiance. No effort had been made by the State to exclude or curtail its operations, but rather to continue them in the interest of public service. *Alton R. Co. v. U. S.,* 315 U.S. 15; *U. S. v. Carolina F. Carriers,* 315 U.S. 475.

Appellants' exception that the application and the certificate issued thereon differ from the statement contained in applicant's letter to the Chairman of the Commission does not afford sufficient grounds to warrant overruling the findings and conclusion of the Utilities Commission or the judgment of the Superior Court in affirmance thereof.

Judgment affirmed.