McLEAN TRUCKING CO., INC., v.
UNITED STATES et al.

No. 195.

District Court, M. D. North Carolina.

Dec. 29, 1945.

830

E. B. Ussery, of Washington, D. C., and H. G. Hudson, of Winston Salem, N. C., for plaintiff.

Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., Edward Dumbauld, Sp. Asst. Atty. Gen., Gordon C. Locke and Nelson Thomas, Attys., Interstate Commerce Commission, and Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, all of Washington, D. C., and Wendell Berge, Asst. Atty. Gen., for defendants.

Before PARKER, Circuit Judge, and WEBB and HAYES, District Judges.

HAYES, District Judge.

This is a suit to set aside an order of the Interstate Commerce Commission, dated September 23, 1944 (No. M.C. 31389), granting some but not all of the operating authority sought by plaintiff in a "grandfather" application, under section 206(a) of the Act, 49 U.S.C.A. § 306(a), as a motor carrier of property between certain places in the South and New England, and denying in part a certificate of public convenience and necessity on an application under Section 207(a) of the Act. 49 U.S. C.A. § 307(a).

The plaintiff assails the order on the "grandfather" application because it fails to give applicant the privileges sought both as to commodities and territory. The hearings on the application were held September 7, 1939; from April 22 through 29, 1942; July 8 through 13, 1942, and December 9 and 10, 1942. Division 5 of the Commission issued its report and order November 22, 1941 (30 M.C.C. 565), which was vacated and replaced by the report and order of September 23, 1944, the order which is here assailed. The evidence is voluminous but it clearly supports the findings of the Commission. As has been so often stated by the courts, it is not our province to weigh conflicting evidence offered before the Commission nor to invade its realm of legislative discretion. If the evidence is adequate to support its findings and if its actions are confined within the orb of its powers under the Act as construed by the courts, we have no right to set at nought its orders. The record here adequately sustains the action of the Commission in accordance with the views of this court expressed recently in Bush Transfer, Inc., v. United States, D.C.W.D. N.C., 53 F.Supp. 640; Turner v. United States, D.C.M.D.N.C.1944, 56 F.Supp. 798, affirmed 323 U.S. 674, 65 S.Ct. 130; Bondurant v. United States, D.C.M.D.N.C.1943,

50 F.Supp. 704; Carolina Scenic Coach Lines v. United States, D.C., 56 F.Supp. 801; Id., 323 U.S. 678, 65 S.Ct. 277. The Commission followed the rules laid down in United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971. This case presents nothing new or different from those considered in one or more of the above cases and no useful purpose would be served by reiterating what was said in those cases. We find no error by the Commission in its action reducing the scope and territory below that sought in the application and find that the evidence adequately supports its action in both respects.

■ It is the contention of the appellant that privileges of a common carrier, over irregular routes, granted it on its application based on public convenience and necessity are so limited in territory and commodities as to destroy its existing business and to interrupt the existing transportation service. With this contention in mind we have carefully reviewed the evidence in the record, the authorities construing the Act and the Act also. The Commission is the agency to which Congress assigned the duty of hearing the evidence and deciding the public convenience and necessity of the proposed routes and commodities. Of course it cannot act arbitrarily or capriciously in considering the evidence. Alton R. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586. Since the argument in this case, a decision by the Supreme Court in which all its acting members concurred has been delivered November 5, 1945, in United States v. Detroit & Cleveland Navigation Co. et al., 66 S.Ct. 75, 77, construing Sec. 309(c), 49 U.S.C.A. § 909(c), which is appropriate here: "The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall be granted. For the performance of that function the Commission has been entrusted with a wide range of discretionary authority. * * * Its function is not only to appraise the facts and to draw inferences from them but also to bring to bear upon the problem an expert judgment and to determine from its analysis of the total situation on which side of the controversy the public interest lies."

It was held, in Interstate Commerce Commission et al. v. Parker et al., 326 U.S. 60, 65 S.Ct. 1490, 1493, that: "The purpose of Congress was to leave to the Commission authoritatively to decide whether additional motor service would serve public convenience and necessity."

■ The report analyzing the evidence and findings covers twenty-two pages of single space type-written legal cap paper, exclusive of exhibits and tables. The Commission finds that "The present and future public convenience and necessity require operation by applicant, in interstate or foreign commerce, as a common carrier by motor vehicle, over irregular routes, of the commodities, from and to the points and in the manner described in Appendix B.; that applicant is fit, willing and able to conform to the requirements of the Act and our Rules and regulations thereunder; that a certificate authorizing the operation be granted; and that the application in all other respects be denied." The denial of the privileges sought in the application was based on prior findings either (1) that there exists no public convenience and necessity or (2) the existing authorized carriers are ready and able to serve the public adequately. As to (1), the Commission in its administrative discretion must determine what the public convenience and necessity require. Interstate Commerce Commission v. Parker, supra. Likewise the same principle applies in deciding whether adequate or inadequate facilities exist in determining the solution of the problem. United States v. Detroit & Cleveland Nav. Co., supra. Applying these principles of construction governing the duties of the Commission, we are convinced from the evidence in the record that the findings of the Commission are amply supported and we find no reason to set aside the order.

■ The effect of its order on the plaintiff's operation is something which the courts are less prepared to form a judgment than the members of the Commission. The same is true of its effect on the transportation system. Suffice it to say that we find nothing in the record to warrant us in holding that the order will destroy or seriously interfere with applicant's past operations in the broad scope of it, nor does the evidence kindle in us the belief that the public convenience will be seriously affected by the order. For we conclude with the Commission that the privileges granted applicant on both applications are very substantial; that those denied are due to the applicant's failure to show the need for the service in some instances and

in those where a demand exists the applicant has failed to show that existing authorized motor carriers are not able, ready and willing to perform the service.

For the reasons stated this suit is dismissed, the relief prayed for is denied and the plaintiff and its surety are taxed with the costs.

Suit dismissed.