## JOHNSTON SEED CO. et al. v. UNITED STATES et al.

Civ. No. 4316.

United States District Court
W. D. Oklahoma.

May 8, 1950.

H. Russell Bishop, Washington, D. C., and R. C. Jopling, Jr., of Richardson, Shartel & Cochran, Oklahoma City, Okl. (of counsel, Hugh D. Driscoll, Sherman Oaks, Cal., and C. J. Harris, Enid, Okl.), for plaintiff.

Edward Dumbauld, Sp. Asst. to Atty. Gen., Robt. E. Shelton, U. S. Atty., Oklahoma City, Okl. (on brief Herbert A. Bergson, Asst. Atty. Gen., Gerald L. Phelps, Sp. Asst. to Atty. Gen.), for United States.

Samuel R. Howell, Washington, D. C. (on brief Daniel W. Knowlton, Chief Counsel, Washington, D. C.), for Interstate Commerce Commission.

VAUGHT, Chief Judge.

The plaintiffs, located at Enid, Oklahoma, are dealers and shippers of mung beans. They filed their complaint under Title 28 U.S.C.A. §§ 1336, 1398, 2284 and 2322, seeking to set aside an order of the Interstate Commerce Commission entered December 9, 1947, in a proceeding entitled Johnston Seed Company et al. v. The Atchison, Topeka and Santa Fe Railway Company et al., Docket No. 29506. Copy of said order is attached to the complaint as Exhibit A and made a part thereof.

In compliance with the established procedure the original complaint before the Commission was set down for formal hearing before Examiner J. Edgar Snider, at Enid, Oklahoma, on July 8, 1946. The examiner issued a proposed report to the Commission finding the assailed rates to be applicable and not shown to be unreasonable and recommending dismissal of the complaint. These plaintiffs excepted to the examiner's proposed report, the case was orally argued before Division 2 of the

Commission, and subsequently the Division issued its report and order on December 9, 1947, complained of here. The plaintiffs summarize the findings of the report as follows:

"A. That mung beans are not edible.

"B. That the rates on edible beans which in most instances were charged by defendant carriers are inapplicable thereon.

"C. That there were no rates specifically applicable thereon.

"D. That rates made 112 percent of the rates on grain are and for the future will be reasonable on mung beans.

"E. That the rates charged which were higher than rates made 112 percent of the rates on grain are not shown to have been unreasonable in the past.

"F. That the evidence does not support an award of reparation.

"G. That if there are outstanding undercharges, waiver of collection thereof is authorized."

A petition for reopening for reargument before and reconsideration by the entire Commission was filed February 3, 1948, and was denied on June 14, 1948. On June 17, 1948 the Commission entered its order fixing August 10, 1948, as the effective date of its original order of December 9, 1947. The plaintiffs contend that the order of December 9, 1947 is unlawful and void, and beyond the power of the Commission to make for the following reasons:

"(a) Said order lacks a rational basis in that the findings made by the Commission do not support its ultimate conclusions;

"(b) The Commission failed to make essential findings of fact that would support rationally the order made by the Commission;

"(c) The Commission in failing to determine, announce and find the applicable rate, if any in fact, by analogy or otherwise existed, failed to discharge its statutory duty and, therefore, there was no basis to determine whether or not the charges collected had been unreasonable

in the past, and therefore, there was no basis for an order denying reparation;

"(d) The finding of the Commission that the rates assailed had not been unreasonable in the past is directly contrary to the evidence in the record;

"(e) The finding that rates exceeding 112 percent of the grain rates are and for the future will be reasonable, followed by a finding that the evidence of record will not support a finding that the rates charged were unreasonable, is so clearly inconsistent, illogical and contradictory as to be arbitrary and capricious;

"(f) In making said order, the Commission misapplied law and in effect abandoned its duty to determine the applicable rates, if any, and to award damages by way of reparation;

"(g) The Commission's order is otherwise arbitrary, capricious and contrary to the law and the evidence."

The prayer of the complaint seeks to set aside the order of the Commission "insofar as it failed to find what the applicable rates on past shipments were, and remanding the case for further action by the Commission in deciding the question concerning reparation."

The United States of America filed its answer in which it objects to the jurisdiction of the court, admits certain allegations of the complaint, and denies generally the other allegations.

The Interstate Commerce Commission, as an intervening defendant, filed its answer in which it admits certain formal allegations of the complaint, denies the jurisdiction of the court, and as a defense sets forth in detail the history of the proceedings and the reasons for the findings made in its order of December 9, 1947, and prays that the complaint be dismissed.

Here is an unusual situation. The mung bean, which appears to be of Asiatic origin, found its way into this country about 1934 and has been increasing in production since that time up to the last date involved in the hearing before the Commission. No one dealing with it seemed to know whether it was a bean, a pea or just another seed of some character; or

whether it was edible so far as human consumption is concerned. The common carriers were unable to determine definitely under what classification the product should move in transit, which resulted in considerable confusion as to the proper or adequate rate. Under its order of December 9, 1947, the Commission sought to settle the matter by the following finding:

"We find that the afore-mentioned transit arrangements and charges therefor on dried beans, lentils, and peas, were and are applicable on mung beans, and are not shown to have been or to be unreasonable; that the rates assailed were inapplicable; that rates made 112 percent of the corresponding present rates on grain, minimum 60,000 pounds, are, and for the future will be reasonable on mung beans, in carloads; and that the rates charged are not shown to have been unreasonable in the past. Reparation is denied. If there are outstanding undercharges, waiver of collection thereof is authorized."

It is to these findings that the plaintiffs object. When the Commission found that the rates on mung beans in the past have not been unreasonable and at the same time held the future rates should be less, the plaintiffs contend that as a matter of equity they are entitled to reparation.

■■ Whether the rates charged in the past were reasonable or unreasonable depends upon all the circumstances surrounding the transactions. Here was a new commodity to be dealt with by the carriers. It was unclassified and difficult to classify. If ever experts were needed in a situation it was in this one. Fortunately there is an administrative agency of the government to determine such matters, and when that agency promulgates an order it is final, unless it is not based on facts, or is arbitrary or capricious. It is an inflexible rule that it is the duty of the Commission to weigh the evidence and pass upon its credibility. The court will not disturb its findings when there is evidence in the record to support them. All the authorities sustain this view.

In Merchants Warehouse Co. v. United States, 283 U.S. 501, 508, 51 S.Ct. 505, 508,

75 L.Ed. 1227, the court held: "* * * The credibility of witnesses and weight of evidence are for the Commission and not for the courts, and its findings will not be reviewed here if supported by evidence. See Interstate Commerce Comm. v. Louisville & Nashville R. Co., 227 U.S. 88, 92, 100, 33 S.Ct. 185, 57 L.Ed. 431; United States v. Louisville & Nashville R. Co., 235 U.S. 314, 320, 35 S.Ct. 113, 59 L.Ed. 245; Assigned Car Cases, 274 U.S. 564, 580, 581, 47 S.Ct. 727, 71 L.Ed. 1204."

In Loving v. United States, D.C.W.D. Okl., 32 F.Supp. 464, 467, affirmed 310 U.S. 609, 60 S.Ct. 898, 84 L.Ed. 1387, the court held: "The hearing of evidence is an exclusive function of the Commission and it may disbelieve or disregard any evidence as it seems unconvincing; it may give as much or as little weight to evidence as it seems proper. (Citing numerous authorities.) But, it must not act arbitrarily or capriciously in the considering of evidence presented to it."

■ During the years prior to the order fixing definite rates, there was no specified classification or rate on mung beans. The carriers were compelled to exercise their best judgment in collecting rates on the commodity, charging what they deemed to be adequate, and the shipper paid the rates charged without any apparent distress or protest so far as this record discloses. The Commission stated in its order:

"Mung beans are not specifically named in the consolidated freight classification or exemptions thereto, and the carriers have collected charges on the shipments under consideration at the rates applicable on dried beans, edible, not otherwise indexed by name in the classification. Complainants' contentions that mung beans are not edible, and that there were and are no rates applicable thereto from and to the points embraced in this proceeding are sustained by the record, except that applicable rates may have been obtained by use of the so-called analogous-article rule. In view of the finding it will not be necessary to determine the applicable rate."

\*  \*  \*  \*  \*  \*

" * * * The evidence of record will not support a finding that the rates charged were unreasonable."

After a diligent search of the record it is our judgment the findings of the Commission, considering all the circumstances, are correct, are amply supported by the evidence, and have nothing of an arbitrary or capricious nature in them.

The court is of the opinion that the plaintiffs are not entitled to the relief sought and that the complaint should be dismissed. Findings of fact, conclusions of law and a proper form of judgment, consistent with this opinion, may be submitted within fifteen days of this date.