CARDINALE TRUCKING COMPANY,
Plaintiff,

v.

UNITED STATES of America and the
Interstate Commerce Commis-
sion, Defendants.

Civ. No. 934–62.

United States District Court
D. New Jersey.

June 15, 1964.

Krieger & Chodash, by Benjamin H. Chodash, Jersey City, N. J., for plaintiff, August W. Heckman, Jersey City, N. J., of counsel.

Lee Loevinger, Asst. Atty. Gen., of U. S., John H. D. Wigger, U. S. Dept. of Justice, Arthur J. Cerra, Asst. Gen. Counsel I. C. C., for defendants.

Before FORMAN, Circuit Judge, and SHAW and COHEN, District Judges.

SHAW, District Judge.

This action is brought by plaintiff pursuant to Title 28 U.S.C.A. §§ 1336 and

1398 to enjoin, set aside and annul an order of the defendant, The Interstate Commerce Commission, dated September 4, 1962. The United States is joined as a party defendant pursuant to Title 28 U.S.C.A. §§ 2321 and 2322 and a three-judge statutory court was convened pursuant to the provisions of Title 28 U.S.C.A. §§ 2325 and 2284.

Plaintiff is a "common carrier by motor vehicle" and a "contract carrier by motor vehicle" as defined by the Interstate Commerce Act.[1] It had been engaged in interstate transportation of goods by motor vehicle prior to June 1, 1935 and since that date, and thereby became entitled upon timely application to the Interstate Commerce Commission to recognition of its so called "grandfather rights" by issuance of a certificate of public convenience or necessity within territory and over routes previously served in "bona fide operation." § 206 (a) (1) and (b) of the Act (49 U.S.C.A. § 306(a) (1) and (b)).

Upon timely application by plaintiff to the Commission and consideration by it of evidence submitted as to operations conducted prior to June 1, 1935 and since, "grandfather rights" sought by plaintiff were recognized and certificate of public convenience and necessity No. MC 17006 together with permit No. MC 3582 were issued on October 22, 1943. These grants of authority to operate as a common and contract carrier remain in full force and effect.[2]

Disagreement developed between plaintiff and the Interstate Commerce Commission concerning operations of plaintiff allegedly beyond the scope of the authority granted to it pursuant to certificate and permit issued as a result of the "grandfather" proceedings. The differences remained unresolved as of January 15, 1960 and on that date defendant filed a complaint in the District Court (Civil Action No. 38–60) pursuant to § 222(b) of the Act (49 U.S.C.A. § 322 (b)) alleging that plaintiff had engaged and was continuing to engage in interstate transportation of goods between certain points and places not authorized by the certificate and permit issued to it by the Commission. Injunctive relief was sought by the Commission. The District Court denied an application for a preliminary injunction from which an appeal was taken. By mandate of the United States Court of Appeals for the 3rd Circuit a temporary restraint issued out of the District Court on December 4, 1962 restraining the continuance of the operations by plaintiff of which defendant complained pending the making of findings of fact and conclusions of law by the District Court.[3] Thereafter, and while the litigation in Civil Action No. 38–60 was still pending, plaintiff instituted this action by complaint filed on November 14, 1962.

As above noted, Civil Action No. 38–60 was commenced by defendant by complaint filed on January 15, 1960. On January 27, 1960 plaintiff filed a petition with the Commission to reopen the "grandfather" proceedings for the purpose of having the operating authority granted to it by order of the Commission, dated October 22, 1943, revised and clarified. This petition was denied by order of the Commission dated June 15, 1960 on the ground that "no sufficient cause appears for waiving Rule 1.101(e) of the General Rules of Practice." Plaintiff by its petition had requested waiver of Rules 1.101(e) and 1.102 of the Commission Rules of Practice.[4]

On July 15, 1960 plaintiff filed another petition with the Commission requesting

---

1. § 203(a) (14) and (15), 49 U.S.C.A. § 303(a) (14) and (15).

2. Other certificates not material to the matters in issue here were also issued by the Commission: Certificate No. MC 17006, sub. 1 issued October 17, 1949; temporary authority No. MC 17006, sub.

2TA and temporary authority No. MC 17006 R1.

3. See Interstate Commerce Commission v. Cardinale Trucking Corp., 308 F.2d 435 (3rd Cir. 1962)

4. Rule 1.101 (e) provides: "Time for filing. Except for good cause shown, and

reconsideration of the order of June 15, 1960 and leave to present oral argument. This petition was also denied by order of the Commission dated December 7, 1960.[5] Thereafter plaintiff sought again by petition filed with the Commission on May 4, 1962 to reopen the "grandfather" proceedings for the purpose of reformation and interpretation of its certificate of operating authority. This petition set forth in detail the factual basis upon which plaintiff felt that it was entitled to waiver by the Commission of the application of Rules 1.101(e) and 1.102 and for reformation and interpretation of the operating authority it had obtained as a result of the "grandfather" proceedings. This petition was denied by order of the Commission dated September 4, 1962 wherein the reasons for denial are specifically and succinctly stated.[6] Thereupon, plaintiff sought review in this court by its complaint filed on November 14, 1962.

The basic issue in the controversy between plaintiff and the Commission stems from the contention on the part of the Commission that plaintiff, having only "radial" authorization to operate between certain base points and places on the one hand and "radial" destination points and places on the other, has, contrary to the limitations of such authorization, engaged in transportation between "radial" destination points and places, known as "cross hauling." See Malone Freight Lines, Inc. v. United States, 107 F.Supp. 946 (D.C.N.D.Ala.1952), affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712 (1953); Interstate Commerce Commission v. G & M Motor Transfer Co., Inc., 64 F.Supp. 302 (D.C.W.D.N.C.1945); Garford Trucking v. United States, 64. F.Supp. 780 (D.C.N.J.1946).

Plaintiff asserts that the alleged "cross-haul" operations in which it is engaged. are not beyond the scope of "bona fide" operations which it conducted prior to June 1, 1935 and since that date, and that no question of the unlawful character thereof was raised prior to 1950. Plaintiff argues that it was entitled under its so called "grandfather rights" to a certificate of public convenience and necessity authorizing such operations and that if its certificate does not, by the language in which it is phrased, confer such authority, plaintiff is then entitled to have the "grandfather" proceedings reopened and its certificate revised to afford it the benefit of a substantial parity between "bona fide" operations conducted prior to

upon leave granted, petitions under this rule must be filed within 30 days after the date of service of a decision or order."

Rule 1.102 provides: "When the subject matter of any desired relief is not specifically covered by the rules in this part, a petition seeking such relief and stating the reasons therefor may be served and filed."

5. The reasons for the denial are set forth as follows in the Commission order: (a) that the order of June 15, 1960 properly denied applicant's prior petition because applicant failed to show sufficient cause for waiver of Rule 1.101(e) of the General Rules of Practice and (b) that the instant petition affords no basis for reconsidering or vacating the said order of June 15, 1960 or for granting any of the other relief applicant seeks.

6. The order recites: "Upon consideration of the record in the above entitled proceeding, and of petition of applicant, filed May 4, 1962 for waiver of Rules 1.101 (e) and 1.102 of the General Rules of Practice, embracing tendered petition for reopening and reconsideration of the 'grandfather' proceeding, and for clarification and modification of certificate; and good cause appearing therefor:

"*It is ordered*, That the petition be, and. it is hereby, denied, for the reasons (1) that the general grounds for relief are substantially similar to those set forth in. applicant's two prior petitions which were denied by orders of June 15, 1960, and December 7, 1960, respectively, (2) that the applicant's certificate is clear and unambiguous, and embraces the operating rights for which evidence was adduced in the 'grandfather' proceeding, and (3) that no sufficient cause appears for waiver of Rule 1.101(e) of the General Rules of Practice, or for accepting the tendered petition for filing under Rule 1.102 of the said rules."

June 1, 1935, as continued to the date of issuance of its certificate and permit embracing its "grandfather" rights. Plaintiff sought both interpretation of its certificate by the Commission to determine first, whether by the language used it had the operating authority which it claims to have been due to it, and, if not, revision thereof to incorporate such authority.

The specific contentions of plaintiff on which it predicates its claim for relief in this court may be briefly summarized as follows:

(1) That the action of the Commission by its final order dated September 4, 1962 denying plaintiff's petition to reopen the "grandfather" proceedings was in effect a confiscation of property without due process of law in violation of the Constitution.

(2) That plaintiff is entitled to an order of this court directing the Commission to reopen the "grandfather" proceedings and grant the hearing requested by plaintiff for reformation of its certificate.

(3) That in the alternative this court, after full hearing, interpret the certificates of plaintiff and declare plaintiff's rights thereunder in the light of proof of "bona fide" operations in which it engaged prior to June 1, 1935 and since that date.

Because of the constitutional question raised, plaintiff made application to this court to supplement the record before it by oral testimony and other evidence. This application was denied and review was had on the basis of the administrative record.

■ The scope of review here is governed by the Administrative Procedure Act, 5 U.S.C.A. § 1009(e). Ace Lines, Inc. v. United States, 197 F.Supp. 591 (D.C.S.D.Iowa 1960); Acme Fast Freight, Inc. v. United States, 116 F. Supp. 97 (D.C.Del.1953).

The pertinent provisions of Section 1009(e) are quoted as follows:

"So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall * * * (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case * * *."

■ It has been held that where an order of an administrative agency operates to deprive an owner of property without due process of law, evidence relating to the confiscatory effect may be introduced in the District Court. American Trucking Associations, Inc. v. United States, 344 U.S. 298, 73 S.Ct. 307, 97 L.Ed. 337 (1953). But it is prerequisite to the granting of such right that it be shown that the party aggrieved was possessed of property in the constitutional sense and had been deprived of it by an order of the administrative agency without fair opportunity to be heard. See Atchison Topeka & Santa Fe Ry. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273 (1932).

■ An interstate carrier has no absolute vested right to use the public highways for gain. If accorded the privilege to operate as a carrier by license or franchise issued pursuant to legislative enactment, the carrier does have a right to reasonable compensation for the services it is required to render. Unreasonable denial of that right by arbitrary action of an administrative agency does raise the constitutional

question of deprivation of property without due process of law. See Atchison Topeka & Santa Fe Ry. Co. v. United States, supra. But reasonable control of the extent and nature of the operations of a carrier, exercised by the Commission pursuant to legislative enactment in furtherance of the paramount public interest, does not constitute an unlawful invasion of any constitutional right. In the case of American Trucking Associations, Inc. v. United States, supra, the Supreme Court stated:

"This Court has indicated many times, it is true, that those concerned with an order affecting their just compensation for transportation services must be heard; indeed, their right to introduce evidence to support the claim that the order in question will unconstitutionally confiscate their property may be enforced even in the District Court, if the Commission bars an opportunity to do so. Manufacturers R. Co. v. United States, 246 U.S. 457, 488–490 [38 S.Ct. 383, 392, 62 L.Ed. 831]; St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 53–54 [56 S.Ct. 720, 726–727, 80 L.Ed. 1033]; Baltimore & Ohio R. Co. v. United States, 298 U.S. 349, 362–369 [56 S.Ct. 797, 804–808, 80 L.Ed. 1209]; [State of] New York v. United States, 331 U.S. 284, 334–335 [67 S.Ct. 1207, 1233–1234, 91 L.Ed. 1492].

"But the right is not to be construed as an avenue toward delay. *The claim of confiscation must be substantial, the import of the proffered evidence clear, and the inability to test the question before the Commission patent,* in order to justify an oral hearing on the question in the courts. In the case at bar, appellants seek in substance to show that the outlawing of trip-leasing will affect their business; perhaps they might even be able to prove that some concerns would fail if they were unable in the future to resort to nonowned equipment for short periods. In this context, however, we do not think that a right to trial *de novo* is automatically established merely because the Commission denied a petition for rehearing which invoked constitutional principles. * * * (emphasis supplied)

" 'Confiscatory' is not a magic word. Whether it should open the door to further proceedings depends on the nature of the order attacked. We think a claim of rate confiscation, which was the concern of the cases just cited, stands on a fundamentally different footing from that made in the instant case. Rate-making represents an order affecting the volume of income; it is said to confiscate property when it prohibits a reasonable return on investment beyond operating and initial costs. But the economic significance of the abolishment of trip-leasing is not nearly so direct. The Commission has merely determined by what method the carrier's income is to be produced, and not how much it may charge."

There is no constitutional issue here which invites a trial de novo.

■ We pass now to the question of whether upon the administrative record it clearly appears that the denial of plaintiff's petition to reopen the "grandfather" proceedings (closed by the final decision of the Commission in 1943) constituted action by the Commission which was "arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law." 5 U.S.C.A. § 1009(e). If so found, it is within the province of the court to vacate the order of the Commission. 28 U.S.C.A. § 1336. But in the exercise of its review function, the court is limited to a determination of whether there is warrant in law and fact for the action taken by the Commission. If there is, the court must affirm. It cannot substitute its judgment as to what it feels should have been done for that of the Commission. J. B. Acton, Inc. v.

United States, 221 F.Supp. 174 (D.C. W.D.Mo. 1963). Affirmed 376 U.S. 779, 84 S.Ct. 1133, 12 L.Ed.2d 83. Interstate Commerce Commission v. City of Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944). In the case of J. B. Acton, Inc. v. United States, supra, the District Court stated at page 177 of 221 F.Supp.:

"The function of a three-judge district court in a suit to enjoin the enforcement of a Commission order is limited to ascertaining whether or not there is warrant in the law and the facts for what the Commission has done. Unless specific and prejudicial departure from the requirements of the law or abuse of discretion is shown, the reviewing court is without authority to intervene and substitute its judgment upon the issues committed to the determination of the Commission. United States v. Pierce Auto Freight Lines, 327 U.S. 515, l. c. 535–536, 66 S.Ct. 687, 90 L.Ed. 821; Rochester Tel. Corp. v. United States, 307 U.S. 125, l. c. 138–140, 59 S.Ct. 754, 83 L.Ed. 1147; Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, l. c. 286–287, 54 S.Ct. 692, 78 L.Ed. 1260; I. C. C. v. Union Pac. R. R. Co., 222 U.S. 541, l. c. 547–548, 32 S. Ct. 108, 56 L.Ed. 308. As stated in Mississippi Valley Barge Line, supra, 292 U.S. at 286–287, 54 S.Ct. at 694, 78 L.Ed. 1260, 'The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.'"

The petition [7] of plaintiff filed with the Commission on May 4, 1962 reiterates [8] and sets forth all of the claims for relief to which plaintiff alleges it was entitled with detailed reference to the factual proofs upon which it would rely if the petition were granted and the "grandfather" proceedings reopened.

Specifically, as to the ultimate relief sought plaintiff stated in its petition:

"Comes now Cardinale Trucking Corporation, by its attorney, Harris J. Klein, who respectfully requests this Commission to reopen the grandfather application of the petitioner under Docket No. MC 17006, limited to (a) the rewriting of its certificate so as to eliminate any alleged uncertainty with respect to operations that may be conducted thereunder in overhead operations between points and places in the States of Connecticut, Massachusetts, Rhode Island and New York on the one hand, and, on the other, points and places in Pennsylvania, Maryland and Delaware, as more particularly described in the territorial description set forth in petitioner's certificates; or (b) in the alternative, to clarify the authorities held by the petitioner.

"The Commission is respectfully requested to waive Rules 1.101 and 1.102 of its rules and practices to enable petitioner herein to reopen its grandfather application."

The Commission determined first by its order of September 4, 1962 that plaintiff's certificate is "clear and unambiguous and embraces operating rights for which evidence was adduced in the 'grandfather' proceeding." The interpretation by the Commission of those "operating rights" was made known to plaintiff by prior action of the Commission, and if any doubt as to such interpretation could otherwise exist, it was clearly dispelled by the affirmative action for enforcement in the pending case of Interstate Commerce Commission v. Cardinale Trucking Corp., Docket No. C 38–60. Unless such interpretation is clearly erroneous, the court is bound by it. Interstate Commerce Commission v. G & M Motor Transfer Co., Inc., supra.

7. A 36 page printed petition consisting of argument and attached exhibits setting forth factual proofs.

8. Referring to previous petitions filed.

■ It does not appear to the satisfaction of this court that the Commission's interpretation is erroneous. The language used in plaintiff's certificate MC 17006 and permit No. MC 3582 defining its radial authority is not unusual or complex in the sense that it does not conform to the general phraseology used by the Commission over many years to fix and identify radial base points and places "on the one hand" and radial destination points and places "on the other." The grant of authority may be complex by reason of the extent and varied pattern of operations authorized. But it does not follow from the complexity of the operation pattern that the language used is necessarily ambiguous, particularly so when it is couched in descriptive terms and pattern of phraseology which, by contemporaneous use and construction over many years, has come to have a commonly understood meaning for purposes of defining grants of authority to interstate carriers.

Plaintiff contends in the alternative that if its operating authority is clearly defined by its certificate and permit, as the Commission holds it to be, then it is entitled to reopen the "grandfather" proceedings and have its grant of authority revised to embrace the "grandfather rights" which it alleges it should have had. As noted, above the last petition of plaintiff filed May 4, 1962 sets forth in detail the facts and argument upon which plaintiff relied in support of its contention that its operating authority should be enlarged. The order of the Commission dated September 4, 1962 reflects consideration thereof with a finding that there was "no sufficient cause" shown for the relief sought by plaintiff. This conclusion reached by the Commission in the light of the facts before it cannot be classified as arbitrary and capricious and an abuse of discretion.

■ The mere fact that plaintiff had engaged in operations in interstate transportation prior to June 1, 1935 and after that date between certain points of origin and destination, or within certain areas, would not of itself entitle plaintiff to receive, as a matter of right, a certificate issued pursuant to Section 206(a) of the Act (49 U.S.C.A. § 306) embracing all of the same points and areas. Plaintiff was only entitled to have a certificate of operating authority which assured a substantial parity between future operations and prior "bona fide" operations. Alton R. R. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586 (1942); United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971 (1942); Howard Hall Co., Inc. v. United States, 315 U.S. 495, 62 S.Ct. 732, 86 L.Ed. 986 (1942); McDonald v. Thompson, 305 U.S. 263, 59 S.Ct. 176, 83 L.Ed. 164 (1938). In the case of United States v. Carolina Freight Carriers Corp., supra, the Supreme Court stated:

"We think the Commission was justified in the restrictions which it placed on the geographical scope of appellee's operations. Sec. 206(a) of the Act authorizes the Commission to issue a certificate without a showing of public convenience and necessity if the carrier or its predecessor in interest was 'in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the route or routes or within the territory for which application is made and has so operated since that time'. Sec. 208(a) requires that the certificate specify 'the routes over which, the fixed termini, if any, between which, and the intermediate and off-route points, if any, at which, and in case of operations not over specified routes or between fixed termini, the territory within which, the motor carrier is authorized to operate.' It is clear from these provisions that the power of the Commission to authorize future operations within a designated 'territory', rather than over specified routes or between fixed termini, fits the peculiar requirements of irregular route operators such as appellee. Authority to operate within a specified 'territory' may include permission to

service all points in that area. On the other hand it may be restricted to designated points therein. Or as in the instant case, it may extend to all points in a part of that area and to selected localities in another part. The precise delineation of the area or the specification of localities which may be serviced has been entrusted by the Congress to the Commission. Alton R. Co. v. United States [ante], 315 U.S. 15, [62 S.Ct. 432, 86 L.Ed. 586]. The Act provides the test of 'bona fide operation.' That standard carries the connotation of substantiality. It also makes clear that a holding out to serve a specified area is not alone sufficient. It is 'actual rather than potential or simulated service' which is required. McDonald v. Thompson, 305 U.S. 263, 266 [59 S.Ct. 176, 178, 83 L.Ed. 164]. Substantial, as distinguished from incidental, sporadic, or infrequent, service is required. Substantial service actually rendered may have been confined to narrow limits. Loving v. United States, D.C., 32 F.Supp. 464, affirmed 310 U.S. 609 [60 S.Ct. 898, 84 L.Ed. 1387].

\* \* \*

"As we indicated in Alton R. Co. v. United States, supra, the purpose of the 'grandfather clause' was to assure those to whom Congress had extended its benefits a 'substantial parity between future operations and prior bona fide operations'. \* \* \* We cannot say that that was denied in this case, if the limitations on the territorial scope of the operations are alone considered. While service to and from all points in the States included in the application was not allowed, the reduction was determined by the standard of substantiality of service. And consideration was given to the characteristics of irregular route carriers and their role in the national trans-portation system. That involved a weighing of specific evidence in light of the complexities of this transportation service. The judgment required is highly expert. Only where the error is patent may we say that the Commission transgressed. That is not this case."

The granting of a petition for rehearing on application made more than 30 days from the date of service of a decision or order of the Commission is not a matter of right. The application for rehearing is addressed to the discretion of the Commission and may be denied in the absence of "good cause shown" [9] to the satisfaction of the Commission. Only where there is a clear abuse of discretion can relief be had. Atchison Topeka & Santa Fe Ry. Co. v. United States, supra; I. C. C. v. City of Jersey City, supra; Hughes Transport, Inc. v. United States, 115 F.Supp. 1, (D.C.E.D.S.C.1953); Northern Valley Transfer v. I. C. C., 192 F.Supp. 600 (D.C.N.J.1961). In the latter case the court states at page 606:

"Administrative rehearings are not matters of right but of pleas to discretion. The discretion to be invoked is that of the body making the order, not that of a reviewing body. Interstate Commerce Commission v. City of Jersey City, 1944, 322 U.S. 503, 64 S.Ct. 1129, 1134, 88 L.Ed. 1420. At page 514 of the opinion in that case, at page 1134 of 64 S.Ct., we are reminded that, if litigants were entitled to rehearings as a matter of law after the order of the administrative body upon the record before the examiner, because of new circumstances arising or facts discovered between the examiner's report and the commission's hearing on exceptions thereto, 'there would be little hope that the administrative process could ever be consummated in an order that would not be subject to reopening.' "

9. 49 C.F.R. 1.101(e).

■ It cannot be held here that the Commission's denial of plaintiff's application to reopen the "grandfather" proceedings and waive Rules 1.101(e) and 1.102 constituted an abuse of discretion.

■ The Commission had broad discretion in the first instance to determine and delineate "grandfather" rights, Howard Hall Co. v. United States, supra. There is nothing in the record before us which would indicate an abuse of that discretion whereby plaintiff was unlawfully deprived of "grandfather rights" which it should have had. In the case of Howard Hall Co. v. United States, supra, the Supreme Court stated:

> "The precise geographical pattern for future operations is the product of an expert judgment based on the substantiality of the evidence as to prior operations, the characteristics of the particular type of carrier, the capacity or ability of the applicant to render the service, and the like. * * *"

It is not difficult to conceive the chaos which would develop if the door were opened for the revision of certificates issued during the year 1943 and prior thereto for the purpose of enlarging or diminishing "grandfather rights" and it was well within the sound discretion of the Commission to refuse to waive application of Rules 1.101(e) and 1.102. Accordingly, we find that there was warrant in law and fact for the action taken by the Commission.

Moreover, it may be noted that if the operating authority which plaintiff alleges it is justly entitled to have can be shown to be consistent with public convenience or necessity, there is nothing that would preclude plaintiff from obtaining such authority by application to the Commission pursuant to Section 207 (a) of the Act, 49 U.S.C.A. § 307. Crescent Express Lines, Inc. v. United States, 320 U.S. 401, 64 S.Ct. 167, 88 L.Ed. 127 (1943). If it cannot be shown that enlarged operating authority were consistent with public interest it would be contrary to sound public policy in the field of interstate transportation to permit plaintiff to come at this late date and obtain an enlargement of its "grandfather" rights.

The order of the Commission is affirmed.