**ACE LINES, INC., Plaintiff,**

v.

**The UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. No. 5–1467.

United States District Court
S. D. Iowa,
Central Division.
April 12, 1965.

Ross H. Sidney, Des Moines, Iowa, for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Donald A. Wine, U. S. Atty., Des Moines, Iowa, for the United States.

Robert W. Ginnane, Gen. Counsel, Thomas H. Ploss, Atty., I. C. C., Washington, D. C., for Interstate Commerce Commission.

Before VAN OOSTERHOUT, Circuit Judge, and STEPHENSON and HANSON, District Judges.

HANSON, Distict Judge.

This is an action by the plaintiff for review of a ruling of the Interstate Commerce Commission and to enjoin a cease and desist order of the Interstate Commerce Commission.

On August 15, 1961, the Commission instituted an investigation into the practice of Ace Lines, Inc., of Des Moines, petitioner in this case, to determine whether said respondent was operating beyond the scope of its certificates of public convenience and necessity. The examiner found that the transportation of binder and baler twine was not authorized by the commodity description "farm machinery and parts thereof" in the Ace Lines certificate and the examiner also found that the transportation of rake teeth and harrow teeth separate from shipments of farm machinery upon which the teeth are to be utilized was not allowed by the commodity description "farm machinery and parts thereof." The examiner recommended that Ace Lines be ordered to cease and desist from these practices. These findings were excepted to by Ace Lines, but the Commission found that the activities were in violation of Ace Lines' certificates and a cease and desist order was entered to be effective December 20, 1963. This review was then taken by Ace Lines.

The Commission held that binder and bailer twine do not constitute "parts" of farm machinery and, therefore, were never to be transported under the description "farm machinery and parts thereof."

The Commission recognized that a somewhat different question was presented with respect to the rake and harrow teeth. The Commission found that the rake teeth and harrow teeth were machinery parts but that these products could not be transported alone, but rather could be transported only with the machinery itself.

In the stipulation, the parties agreed that twine, rake teeth, and harrow teeth are not farm machinery but are parts or items necessary to the proper functioning of machinery. The examiner treated this as a stipulation of fact but held it immaterial. The Commission held the stipulation to be one of law which they were not obliged to accept. It is not necessary to decide whether the stipulation is one of fact or law or mixed fact and law. The stipulation is not conclusive. It says that " * * * twine * * are parts or items necessary to the proper functioning of machinery." The examiner was not clearly erroneous when he determined the twine was not "parts" of farm machinery. There is support for this interpretation in Ace Lines, Inc., Extension—Elimination of Gateway, 79 M.C.C. 685, 688, and Murphy Transportation Co. Extension-Binder and Baler Twine and Wire, 79 M.C.C. 595, 598.

Ace Lines contends that the prior decisions of the Commission wherein parts were not allowed to be shipped separate from machinery were based upon the premise either that the parts to be shipped were delicate, susceptible of damage, and required special handling, that the company involved was not equipped to transport the parts, or that the certificate was specially restricted in some manner.

The interpretation and analysis of these prior decisions of the Commission are not determinative. The Commission is not bound by a rule of stare decisis and inconsistency of its holding with prior holdings does not make the decision arbitrary. DeCamp Bus Lines v. United States, D.C., 224 F.Supp. 196; Ace Lines, Inc. v. United States, D.C., 197 F.Supp. 591; Virginian Ry. Co. v. United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463.

Even if the Commission's present interpretation of the certificate was adopted subsequent to the date the plaintiff's certificate was issued, the Commission's interpretation must be allowed to stand unless this interpretation is irrational or clearly not in accord with the plain meaning of the certificate. Nelson,

Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484; Ace Lines, Inc. v. United States, supra; Simpson v. United States, D.C., 200 F.Supp. 372.

At any rate, there is strong dictum in the prior rulings of the Commission which supports its interpretation of the term "parts thereof." Ace Lines, Inc., Extension—Elimination of Gateway, supra; Murphy Transportation Co. Extension—Binder and Baler Twine and Wire, supra. It is not an irrational interpretation. It is not the duty of this court to substitute its own reasoning for that of the Commission. The courts are not given a carte blanche when reviewing the Commission's interpretation of a certificate. Nelson, Inc. v. United States, supra.

It is the holding of this court that the order of the Commission here reviewed should not be set aside or vacated.

It is further ordered that the plaintiff's Complaint be and the same is hereby dismissed and the Order of the Commission is affirmed.

It is further ordered that the restraining order now in effect is hereby vacated.