Edith C. MESSINGER, Executor of the Estate of Roy Francis Messinger, Deceased, and Cedar Rapids Steel Transportation, Inc., Plaintiffs,

v.

INTERSTATE COMMERCE COMMISSION, and United States of America, Defendants,

and

Matson, Inc., et al., Intervenors.

Civ. No. 68–C–16–CR.

United States District Court
N. D. Iowa,
Cedar Rapids Division.

May 21, 1969.

Robert E. Konchar, Robert E. Ford, Cedar Rapids, Iowa, for plaintiffs.

Robert W. Ginnane, Gen. Counsel, Nahum Litt, Atty., I. C. C., Washington, D. C., for I. C. C.

Edwin M. Zimmerman, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Asher E. Schroeder, U. S. Atty., Sioux City, Iowa, for United States.

William L. Fairbank, Des Moines, Iowa, for intervenors.

Before HEANEY, Circuit Judge, HANSON and McMANUS, District Judges.

## FINDINGS OF FACT CONCLUSIONS OF LAW and ORDER

McMANUS, Chief Judge.

This is an action by plaintiffs seeking to enjoin and set aside orders of the Interstate Commerce Commission (Commission) of March 21, 1968 and April 16, 1968,[1] denying plaintiffs' joint application under Section 5 of the Act, and terminating plaintiff Cedar Rapids Steel Transportation, Inc.'s (CRST) temporary authority to lease the operating rights of plaintiff Messinger. Pursuant to plaintiffs' motion filed herein on May 1, 1968, a temporary restraining order

was issued restraining the Commission from enforcing its orders until hearing and review by this three-judge court. Certain interested parties have been permitted to intervene, briefs filed by all parties and hearing held.

The following shall constitute this court's findings of fact and conclusions of law as contemplated by Rule 52(a) F.R.Civ.P.

On September 30, 1966 plaintiffs filed their application under Section 5 of the Interstate Commerce Act, 49 U.S.C. § 5, seeking permanent authority for CRST to purchase the operating rights of R. F. Messinger (now deceased), under No. MC–65342. In conjunction therewith, plaintiffs also filed with the Commission an application under Section 210a(b) of the Act, 49 U.S.C. § 310a(b), for temporary approval of CRST's operation under Messinger's certificate pending determination of the permanent application. Protests to the latter application were filed by the intervenors herein, but on October 26, 1966 the Commission's Finance Board No. 1 issued an order granting temporary approval to CRST.

After extensive hearings on plaintiffs' Section 5 application, on July 19, 1967 the hearing examiner issued his report and recommended order denying said application. On March 21, 1968, Division 3 of the Commission, Acting as an Appellate Division, adopted the order of the hearing examiner as the order of the Commission.[2]

Plaintiffs' Complaint, filed herein on April 26, 1968, contends that the Commission's order of March 21, 1968, as

---

1. The Commission's order of April 16, 1968 merely postponed to May 10, 1968 the effective date of the March 21, 1968 order.

2. The March 21, 1968 order provides in part:
 * * * It appearing, That the findings and conclusions of the hearing examiner are proper and correct in all material respects; that the exceptions and replies raise no new or material matters of fact or law * * * not adequately considered and properly disposed of by the examiner in his report. * * * *And it*

*further appearing,* That applicant's offer (to have the operating rights of vendor restricted against tacking) has no material effect upon the outcome of this proceeding, in view of the evidence of dormancy and the fact that the proposed operation, even if restricted against tacking, would still result in the institution of a completely new and different service. * * * *We find,* That the evidence considered in the light of the exceptions and the replies thereto does not warrant a result different from that reached by the hearing examiner. * * *

amended, was arbitrary, capricious, based on insufficient evidence, in excess of statutory authority and deprived plaintiff Messinger of property without due process of law.

■ This court has jurisdiction pursuant to 28 U.S.C.A. §§ 1336, 2284, 2321–25. The scope of review is governed by the Administrative Procedure Act, 5 U.S.C.A. § 706(2) (1966); Blodgett Uncrated Furniture Service, Inc. v. United States, 288 F.Supp. 591 (W.D. Mich.1968); Hughes v. United States, 278 F.Supp. 11 (E.D.Pa.1967).

■ It is well settled that a court may not substitute its judgment for that of the Commission. Rochester Telephone Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260 (1934). See also Gilbertville Trucking Co., Inc. v. United States, 371 U.S. 115, 83 S.Ct. 217, 9 L. Ed.2d 177 (1962). If a rational basis for the Commission's order is found, then its action is neither arbitrary nor capricious. Eastern Central Motor Carriers Association, Inc. v. United States, 239 F.Supp. 591 (D.D.C.1965). The reviewing court shall not set aside the Commission's action if it is supported by substantial evidence on the record viewed as a whole. Illinois Central R. R. Co. v. Norfolk & Western Ry. Co., 385 U.S. 57, 66, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); Consolo v. Federal Maritime Comm., 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); 5 U.S.C.A. § 706(2) (E).

After carefully reviewing the whole record, it is the view of this court that the Commission's decision has a rational basis, and is supported by substantial evidence.

■ The applicable standard to be used in determining whether a certificate has become dormant is whether substantial lawful operations were performed between a representative number of places authorized under the certificate. Home Transportation Co., Inc.—

Purchase—Howard E. Clarkson and Everett C. Clarkson, 93 M.C.C. 509 (1964); Auclair Transportation, Inc.—Purchase (Portion)—Kenneth G. Moore, 57 M.C. C. 262 (1950); Vollmer Transportation, Inc.—Purchase (Portion)—B. Clayman & Sons, 55 M.C.C. 599 (1949).

Between January 1965 and November 7, 1966 only twenty-six lawful shipments were made under the certificate in question. Of these, twenty-one moved from Springfield, Illinois to Marion, Iowa; five originated in Deerfield, Illinois and were sent to Marion, Iowa; and one originated in East Saint Louis, Illinois and was sent to Cedar Rapids, Iowa. All except the East Saint Louis shipment were performed for one firm, the Hanstrom-Hubly Tractor Co. of Marion, Iowa. At no time were shipments sent from Iowa to Illinois. The revenue derived from these shipments was approximately $4,000.00 and amounted to less than one percent of the total revenue earned by Messinger, Inc. during this period.

■ Consequently, it is this court's view that there is substantial evidence to support the Commission's conclusion that Messinger's rights under Certificate No. MC–65342 had become dormant, and that to allow plaintiffs' application under Section 5 would result in the institution of a completely new and different service, harmful to several of the protestants, and for which no need has been shown.

■ Plaintiffs' remaining contentions that the Commission exceeded its statutory authority and that plaintiff Messinger was deprived of property without due process of law are without merit. 49 U.S.C.A. § 5(2); Cardinale Trucking Co. v. United States, 232 F.Supp. 339, 344 (D.N.J.1964).

It is therefore

ORDERED

That the Clerk shall enter judgment in accordance herewith dissolving the Temporary Restraining Order of May 1, 1968 and dismissing plaintiffs' Complaint at their costs.